# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ARMANDO Y. PELINA, et al., | CASE NO. 10CV53 DMS (NLS) |
|---|---|
| Plaintiff, | **ORDER DISMISSING ACTION** |
| vs. | |
| OCWEN LOAN SERVICING, et al., | |
| Defendant. | |

Plaintiffs Armando Y. Pelina and Maria D. Pelina filed suit on January 8, 2010, alleging eleven claims for relief, including violation of the Truth in Lending Act ("TILA") and violation of the Real Estate Settlement Procedures Act ("RESPA"). (Doc. 1.) On February 9, 2010, Defendants Pavia Financial Services, Inc. and Anthony Scott Pavia filed Answers to the Complaint. (Docs. 3 & 4.) On February 25, 2010, Defendant Cal-Western Reconveyance Corporation filed a Declaration of Non-Monetary Status, to which Plaintiffs objected. (Docs. 6 & 8.) On March 11, 2010, Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Ocwen Loan Servicing filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 10.) On March 16, 2010, Defendant American Mortgage Express Financial dba Millennium Funding Group ("AMEF") filed a motion to dismiss, as well as a motion to strike pursuant to Rule 12(f). (Docs. 12 & 13.) Defendant James Sanford has not appeared in the action.

On February 25, 2010, prior to the motions to dismiss, the Court held an informal conference

with counsel for Plaintiffs and Defendants MERS, Ocwen and AMEF. Plaintiffs indicated their intent to voluntarily dismiss the action and file the claim in state court. Plaintiffs were ordered to file a motion to dismiss by March 4, 2010. (Doc. 7.) Plaintiffs failed to file the motion, and subsequently Defendants filed the Rule 12(b) motions.

The hearing on the 12(b) motions is currently scheduled for April 16, 2010. Plaintiffs therefore had to file an opposition by April 2, 2010. On April 2, 2010, Plaintiffs filed notices of non-opposition to Defendants' motions to dismiss. (Docs. 15 & 16.) Plaintiffs' non-opposition relates only to the TILA and RESPA claims. However, Plaintiffs also request the Court dismiss all claims against all Defendants without prejudice, or, alternatively, that Plaintiffs be granted leave to amend the complaint. Concurrently with the notices of non-opposition, Plaintiffs filed a motion for leave to file a First Amended Complaint, which is scheduled for hearing on May 14, 2010.[1] (Doc. 14.)

Because Plaintiffs do not oppose the motions to dismiss, the Court hereby grants the motions. The Court further grants Plaintiffs' request to dismiss all claims against all Defendants. Accordingly, Plaintiffs' Complaint is dismissed in its entirety without prejudice. The motion for leave to amend is denied as moot. Plaintiffs may file an amended complaint within twenty (20) days of the date this Order is filed.[2]

**IT IS SO ORDERED.**

DATED: April 7, 2010

_____
HON. DANA M. SABRAW
United States District Judge

---

[1] On April 6, 2010, Plaintiffs filed a First Amended Complaint. (Doc. 17.) The time for amending the complaint without leave of court has passed. Fed. R. Civ. Proc. 15(a). Accordingly, the Court strikes Plaintiffs' First Amended Complaint.

[2] Plaintiffs are cautioned, however, that the Court may dismiss a complaint *sua sponte* if the Court does not have subject matter jurisdiction over the matter.